# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

KENNETH KENNEDY,

        Petitioner,    :    Case No. 1:15-cv-684

- vs -    District Judge Michael R. Barrett
    Magistrate Judge Michael R. Merz

JOHN COLEMAN, Warden,
  Toledo Correctional Institution,

        :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 26) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 22). District Judge Michael R. Barrett, to whom this case was assigned after Judge Beckwith's retirement, has recommitted the case to the Magistrate Judge for further analysis in light of the Objections (ECF No. 27).

In his Petition, Mr. Kennedy pled four grounds for relief which are discussed below. However, in his Objections he complains of a "conclusion that claims three through six are procedurally defaulted" and the further "conclusion that the seven claims raised in the petition are without merit." (ECF No. 26)  The Petition in fact contains only four grounds for relief and the supposed legal conclusions quoted in the prior sentence do not exist in the Report.

1

**Ground One: Admission of Dwayne Stuckey's Statement About Who Shot Him Violated the Rule Against Hearsay and the Confrontation Clause.**

Kennedy was convicted of murders occurring in two separate incidents, referred to in the opinion of the First District Court of Appeals as the Gambling Apartment Shootings and the Vine Street Shootings. Stuckey was shot six times in the Vine Street Cricket store and identified Kennedy by his nickname "Midnight" to Police Officer Schultz.

On appeal, Kennedy raised both a hearsay objection and a Confrontation Clause objection to Schultz's testimony as his Second Assignment of Error. The First District rejected both claims, finding that Stuckey's identification properly came within the dying declaration exception to the hearsay rule and that admitting it did not violate Kennedy's Confrontation Clause rights. *State v. Kennedy*, 2013-Ohio-4221, ¶¶ 37-71, 998 N.E. 2d 1189, 2013 Ohio App. LEXIS 4431 (1st Dist. Sep. 27, 2013), appellate jurisdiction declined, 138 Ohio St. 3d 1414 (2014).

The Report noted that Mr. Kennedy had contested the admission of Stuckey's testimony largely as a matter of Ohio evidence law and noted that federal habeas courts are not empowered to review state court evidence rulings (ECF No. 22, PageID 1613). Kennedy objects that, "[h]abeas relief is available where a violation of state law amounts to a fundamental miscarriage of justice or a violation of the right to due process." (Objections, ECF No. 26, PageID 1639, citing *Cristini v. McKee*, 526 F.3d 888 (6th Cir. 2008), and *Hoffner v. Bradshaw*, 622 F.3d 487 (6th Cir. 2010). All Kennedy has done here is to lift language from the Report which supports that general proposition (See Report, ECF No. 22, PageID 1604). Neither of these cases supports the conclusion that admitting the dying declaration of a murder victim violates due process or renders a trial unfair. In fact, as the learned opinion of the First District illustrates,

dying declarations have been accepted as a proper exception to the hearsay rule since at least the early 18th century. *State v. Kennedy, supra*, at ¶ 61, citing *King v. Reason*, 16 Howard State Trials 1 (King's Bench 1722). Kennedy has cited no federal case law finding that admission of a dying declaration as an exception to the hearsay rule renders a trial unfair.

Kennedy's Confrontation Clause claim was also a part of his Second Assignment of Error on direct appeal. The First District also rejected that branch of the Assignment of Error, relying on the principal contemporary Supreme Court Confrontation Clause precedent, *Crawford v. Washington*, 541 U.S. 36 (2004)(holding that "[t]estimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine."). The Supreme Court itself has held that statements of a mortally-wounded victim to police are admissible because made in the context where the primary purpose of the police interrogation was to enable police assistance to meet an ongoing emergency. *Michigan v. Bryant*, 562 U.S. 344 (2011). In other words, those statements are not testimonial within the meaning of *Crawford*.

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

There can be no doubt that the First District decided Kennedy's Confrontation Clause claim on the merits and rejected it on the basis of *Crawford, supra*. Kennedy makes no argument as to why this ruling was objectively unreasonable, but merely states in conclusory

fashion that it was "incorrect."  The Magistrate Judge believes the ruling was correct.  But even if were "incorrect," that would not be enough for reversal:

> AEDPA's standard is intentionally "' "difficult to meet." '" *White v. Woodall*, 572 U. S. ___, ___, 134 S. Ct. 1697, 1702, 188 L. Ed. 2d 698, 704 (2014) (quoting *Metrish v. Lancaster*, 569 U. S. ___, ___, 133 S. Ct. 1781, 1786, 185 L. Ed. 2d 988, 996 (2013)). We have explained that "'clearly established Federal law' for purposes of §2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions." *White*, 572 U. S., at ___, 134 S. Ct. 1697, 1702, 188 L. Ed. 2d 698, 704 (some internal quotation marks omitted). "And an 'unreasonable application of' those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice." Id., at ___, 134 S. Ct. 1697, 1702, 188 L. Ed. 2d 698, 704 (same). To satisfy this high bar, a habeas petitioner is required to "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing  law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U. S. 86, 103, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011).

*Woods v. Donald*, 575 U.S. ___, 135 S. Ct. 1372, *; 191 L. Ed. 2d 464 (2015).

Upon review, the Magistrate Judge again concludes Kennedy's First Ground for Relief is without merit.

**Ground Two:  Prejudicial Joinder**

In his Second Ground for Relief, Mr. Kennedy claims he was denied a fair trial because the trial court refused to separate the Gambling Apartment and Vine Street incidents for trial.  This was his First Assignment of Error on direct appeal which the First District rejected.  *State v. Kennedy, supra*, ¶¶ 21-36.

The Report concluded Mr. Kennedy has procedurally defaulted this claim because he had not fairly presented it to the First District as a federal constitutional claim (ECF No. 22, PageID

1618, noting there were "no federal constitutional citations or argument" made in Kennedy's brief on appeal.)

Kennedy disagrees, asserting he raised this claim "under a violation of his Fifth and Fourteenth Amendment rights . . ." (Objections, ECF No. 26, PageID 1640).  However, he gives no citation to any place in his Brief on appeal where that claim was made.  The Magistrate Judge has again examined the Brief and finds no mention of the Fifth or Fourteenth Amendment under the First Assignment of Error.

Therefore the Magistrate Judge again concludes Mr. Kennedy's Second Ground for Relief is procedurally defaulted for lack of fair presentation to the Ohio First District Court of Appeals.

**Ground Three:  Admission of "Other Acts" Testimony**

In his Third Ground for Relief, Mr. Kennedy claimed he was denied a fair trial by admission of "other acts" evidence.  The Report concluded that this, like the Second Ground, was procedurally defaulted for lack of fair presentation (ECF No. 22, PageID 1622).  In his Objections, Kennedy "concedes this claim as being procedurally defaulted."  (ECF No. 26, PageID 1640).

**Ground Four:  Insufficient Evidence**

In his Fourth Ground for Relief, Mr. Kennedy claimed his conviction was not supported by sufficient evidence.  This claim had been presented as part of his Fourth Assignment of Error

on direct appeal and rejected. The Report found this decision was an objectively reasonable application of the relevant Supreme Court precedent, *Jackson v. Virginia*, 443 U.S. 307 (1979).

Mr. Kennedy objects, but his objection is purely conclusory:

> In viewing the facts of the case and the evidence produced to support Petitioner [sic] conviction it is clear that the state courts [sic] decisions were a [sic] unreasonable application of *Jackson v. Virginia*, 443 U.S. 307. Given the double deference state court findings on sufficiency are entitled to, Petitioner has shown there was insufficient on which to convict him.

(Objections, ECF No. 26, PageID 1641). Kennedy does not explain his conclusion, asserting only that it is "clear." But a survivor of the Gambling Apartment murders testified to being robbed at gunpoint and several witnesses testified to Kennedy's admission of these crimes. The jury had the dying statement of Dwayne Stuckey, victim of the Vine Street shooting, identifying Kennedy as the perpetrator. In state court Kennedy questioned whether the witnesses were worthy of belief, given that many were convicted felons. But questions of witness credibility are for the jury to decide, and not for the habeas corpus court to second guess.

The Magistrate Judge again concludes the Fourth Ground for Relief is without merit.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge again respectfully recommends the Petition be DISMISSED WITH PREJUDICE.. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and

therefore should not be permitted to proceed *in forma pauperis*.

March 22, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).