# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Kenneth Kennedy,

    Petitioner,      Case No. 1:15-cv-684

 - vs -           Judge Michael R. Barrett

Warden,
Toledo Correctional Institution,[1]

    Respondent.

## ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendations ("R&R") (Doc. 22) and Supplemental R&R (Doc. 28) which relate to Petitioner's, a state prisoner proceeding *pro se*, petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (Doc. 1). The parties received proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, which included notice that the parties would waive further appeal if they failed to file objections to the R&R and Supplemental R&R in a timely manner. (Docs. 22, 28); *see United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Petitioner filed Objections to the R&R (Doc. 26) and the Supplemental R&R (Doc. 31, 34). Respondent did not file Objections or a response to Petitioner's Objections. Additionally, Petitioner's Motion to Expedite is also before the Court. (Doc. 35).

---

[1] It appears that Petitioner may now reside at the Southern Ohio Correctional Facility ("SOCF") in Lucasville, Ohio. *See* (Docs. 34, 35). However, Petitioner has not informed the Court of his change of address despite this Court's notice on applicable court procedures, which Petitioner received, that petitioners are ordered to inform the Court promptly of any change of address. As the Court has not received notice from Petitioner that he does, in fact, reside as SOCF, the Warden at the Toledo Correctional Institution will remain the named Respondent. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts.

# I. BACKGROUND

The Magistrate Judge adequately discussed and summarized the procedural background and pertinent facts of this case in the R&R. (Doc. 22). The Court will not repeat the same herein unless necessary to address Petitioner's Objections.

This matter arises out of Petitioner's habeas action to obtain relief from his convictions, by a jury, in the Hamilton County Court of Common Pleas, on all charged accounts—two counts of aggravated murder, four counts of murder, one count of aggravated robbery, four counts of felonious assault, four counts of having weapons under disability, each count with a firearm specification except for the four counts of weapons under disability—which resulted in, among others, sentences of two terms of life without of the possibility of parole. (Docs. 1, 22); (Doc. 7, Attachment 1 at PageID 107-10). Petitioner asserts four grounds for relief before this Court. (Doc. 1).

The Magistrate Judge recommends denying relief on all four grounds and dismissing the petition with prejudice. (Doc. 22).

# II. ANALYSIS

## a. Standard of Review: 28 U.S.C. § 2254

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, governs the Court's authority to issue habeas corpus relief for persons in state custody. 28 U.S.C. § 2254. The Court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Habeas relief is available if the state court judgment was "adjudicated on the merits" and "resulted in a decision that was contrary

to, or involved an unreasonable application of, clearly established federal law"[2] or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see Williams*, 529 U.S. at 412; C*oley v. Bagley*, 706 F.3d 741, 748 (6th Cir. 2013). Findings of fact by the state court are presumed to be correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The test set forth in Section 2254(d) is "a difficult test to meet, . . . and [a] highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotations omitted) (citations omitted)). "The petitioner carries the burden of proof." *Id.* at 180.

### b. Standard of Review: Objections to an R&R

When the assigned district court judge receives objections to a magistrate judge's R&R on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). After that review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

### c. Ground One: Hearsay and Confrontation Clause

Petitioner asserts that the trial court violated his right to a fair trial and right under the Confrontation Clause when it allowed the introduction of hearsay statements into

---

[2] "Clearly established federal law 'refers to the holdings, as opposed to the dicta, of [the United States Supreme Court's ("U.S. Supreme Court")] decisions as of the time of the relevant state-court decision.'" *Woods v. Tibbals*, No. 1:16-CV-643, 2018 WL 1531491, at *2 (S.D. Ohio Mar. 29, 2018) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

3

evidence, specifically the identification of him made by one of the murder victims, Dwayne Stuckey. (Doc. 1 at PageID 5) (citing "Rule 801(C)" and "Evid.R. 804(B)(2)").

The Magistrate Judge explained that the Court of Appeals of Hamilton County, Ohio, First Appellate District ("Court of Appeals") considered these arguments on direct appeal and found that Mr. Stuckey's statements were properly admitted under Ohio Evid. R. 804(B)(2) and did not violate Petitioner's Sixth Amendment rights under the Confrontation Clause. (Doc. 22 at PageID 1604-1614). With respect to Petitioner's right to a fair trial, the Magistrate Judge found that the admissibility of a statement under belief of impending death is a question of state law and Petitioner cites no pertinent U.S. Supreme Court precedent to support his assertion that admitting a murder victim's dying declaration violates due process or renders a trial unfair. (*Id.* at PageID 1613) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)); (Doc. 28 at PageID 1646). With respect to Petitioner's Confrontation Clause argument, the Magistrate Judge found that Petitioner fails to establish his burden that the Court of Appeals' decision was contrary to, or involved an unreasonable application of, *Crawford v. Washington*, 541 U.S. 36 (2004) or U.S. Supreme Court case law applying *Crawford*. (Doc. 22. at PageID 1613-1614); (Doc. 28 at PageID 1646-1647); *see* 28 U.S.C. § 2254(d).

In his Objections, Petitioner reiterates his belief that "[i]t is clear from the record as well as the facts supporting the claim that his claim is a confrontation clause violation." (Doc. 26 at PageID 1639). He asserts that "[he] is stating that the [trial] court unreasonably applied *Crawford*." (Doc. 31 at PageID 1655).

Starting with Petitioner's Objections regarding the admissibility of Mr. Stuckey's statements and Petitioner's right to a fair trial, a federal court may review a state prisoner's

4

habeas petition only on the ground that the challenged confinement violates the Constitution, laws, or treaties of the United States, and not "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); 28 U.S.C. § 2254(a); *see Estelle*, 502 U.S. at 67-68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). As Petitioner's arguments regarding the admissibility of Mr. Stuckey's statements raise an issue of state law only, it is not cognizable in this federal habeas proceeding. *See Tibbs v. Florida*, 457 U.S. 31, 41-47 (1982).

Turning to Petitioner's Objections regarding the Confrontation Clause, the Court agrees that Petitioner's arguments amount to a mere disagreement with the Court of Appeals' decision which falls short of Petitioner's burden under 28 U.S.C. § 2254(d). More importantly, the U.S. "Supreme Court has not expressly recognized that dying declarations are an exception to the Sixth Amendment's confrontation right" and has stated that

> in *Crawford* . . . we first suggested that dying declarations, even if testimonial, might be admissible as a historical exception to the Confrontation Clause. *Id.*, at 56, n. 6, [] *see also Giles v. California*, 554 U.S. 353, 358-359 [ ] (2008). We noted in *Crawford* that we "need not decide in this case whether the Sixth Amendment incorporates an exception for testimonial dying declarations." 541 U.S. at 56, n. 6, [ ]. Because of the State's failure to preserve its argument with regard to dying declarations, we similarly need not decide that question here.

*Woods*, 2018 WL 1531491, at *2 (citing *Michigan v. Bryant*, 562 U.S. 344, 351, n.1 (2011) and *Walker v. Harry*, 462 Fed.Appx. 543, 545-46 (6th Cir. Feb. 13, 2012) (explaining that, "[i]n *Crawford* and again in *Giles v. California*, 554 U.S. 353 [ ] (2008), the Supreme Court hinted that dying declarations may fall within an exception to the constitutional bar against testimonial hearsay.")). As the U.S. Supreme Court has not yet ruled on the status of

5

dying declarations under the Confrontation Clause, the Court finds that Petitioner's argument is not cognizable on federal habeas review.

Accordingly, after a *de novo* review, the Court rejects Petitioner's Objections on this ground and finds no error in the recommendation that Petitioner is not entitled to habeas corpus relief based on this ground. *See* FED. R. CIV. P. 72(b)(3).

### d. Ground Two: Prejudicial Joinder

Petitioner argues that the trial court violated his right to a fair trial when it overruled his motion to separate the two incidents, the apartment shootings and the Vine-Street shootings, for trial. (Doc. 1 at PageID 6) (citing Ohio Crim. R. 8(A)).

The Magistrate Judge explained that the Court of Appeals considered a prejudicial joinder argument on direct appeal and found that joinder of the two incidents was permissible under Rule 8(A) of the Ohio Rules of Criminal Procedure and Petitioner failed to establish prejudice under Rule 14 of the Ohio Rules of Criminal Procedure. (Doc. 22 at PageID 1614-1617). The Magistrate Judge found that Petitioner procedurally defaulted on this argument, as he did not fairly present it to the Court of Appeals as a claim under the U.S. Constitution; rather, his arguments were based entirely in terms of state law. (Doc. 22 at PageID 1618) (citing Petitioner's brief before the Court of Appeals (Doc. 7, Attachment 1, PageID 115, 125-126)); (Doc. 28 at PageID 1648).

In his Objections, Petitioner appears to concede that federal "case-law was not cited," but argues that he raised his claims adequately under the Fifth and Fourteenth Amendments of the U.S. Constitution and that he is permitted to bring the claims under the Fifth and Fourteenth Amendments to the U.S. Constitution. (Doc. 26 at PageID 1640); (Doc. 31 at PageID 1657).

6

The Sixth Circuit has identified four actions a petitioner can take which are significant to the determination of whether a petitioner has "fairly presented" a claim to the state court:

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

*Whiting v. Burt*, 395 F.3d 602, 613 (6th Cir. 2005) (citing *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). A review of Petitioner's brief before the Court of Appeals reveals that he based his argument entirely on the Ohio Rules of Criminal Procedure, the Ohio Rules of Evidence, and Ohio state case law. (Doc. 7, Attachment 1, PageID 115, 125-26). That brief does not reference or cite the U.S. Constitution or any federal cases and Petitioner does not argue that the Ohio state cases cited therein utilized federal constitutional analyses. (*Id.*). The Court agrees that Petitioner did not fairly present these grounds to the Court of Appeals and the claim is procedurally defaulted. *See Whiting*, 395 F.3d at 613. The Court finds no error with the Magistrate Judge's recommendation that this ground should be dismissed with prejudice. *See* FED. R. CIV. P. 72(b)(3).

### e. Ground Three: Other Acts Testimony

Petitioner contends that the state court denied him the right to a fair trial when it permitted other acts testimony into evidence. (Doc. 1 at PageID 8) (citing Ohio Evidence Rule 404(B)).

The Magistrate Judge explained that the Court of Appeals considered this argument on direct appeal and found the trial court did not abuse its discretion by allowing the other acts testimony in under Rule 404(B) of the Ohio Rules of Evidence and Ohio

7

Rev. Code § 2945.59. (Doc. 22 at PageID 1619-1621). The Magistrate Judge found that Petitioner procedurally defaulted on this argument, as he did not fairly present it to the Court of Appeals as a claim under the U.S. Constitution; rather, his arguments were based entirely in terms of state law. (*Id.* at PageID 1621) (citing Petitioner's brief before the Court of Appeals (Doc. 7, Attachment 1, PageID 116, 128-29)); (Doc. 28 at PageID 1648). In his Objections, "Petitioner concedes this claim as being procedurally defaulted." (Doc. 26 at PageID 1640); (Doc. 31 at PageID 1657).

After a *de novo* review, and in light of Petitioner's concession, the Court agrees with the Magistrate Judge's recommendation that this ground should be dismissed with prejudice. *See* FED. R. CIV. P. 72(b)(3).

### f. Ground Four: Insufficient Evidence

Petitioner argues that he was convicted on evidence that was insufficient as a matter of law. (Doc. 1 at PageID 9).

The Magistrate Judge explained that the Court of Appeals considered this claim, along with a claim that his convictions were against the manifest weight of the evidence,[3] on direct appeal and rejected it. (Doc. 22 at PageID 1622-1626). The Magistrate Judge explained that state decisions are entitled to two levels of deference when a petitioner challenges the constitutional sufficiency of the evidence. (Doc. 22 at PageID 1627-1628); *see Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) and 28 U.S.C. § 2254(d)(2)). The Magistrate Judge identified record evidence which would support Petitioner's conviction and concluded that the Court of Appeal's holding that Petitioner's conviction was supported by sufficient evidence was

---

[3] A manifest weight claim is not cognizable in habeas corpus. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986).

not an unreasonable application of *Jackson.* (Doc. 22 at PageID 1629); (Doc. 28 at PageID 1649).

In his Objections, Petitioner lists evidence that he believes does not support his conviction and asserts that, in light of the alleged evidentiary issues he lists, "it is clear that the state courts decisions were a unreasonable application of *Jackson*" and he "has shown there was insufficient evidence on which to convict him." (Doc. 26 at PageID 1641); (Doc. 31 at PageID 1657-1658).

After a *de novo* review, the Court finds no error in the Court of Appeal's holding and, thus, agrees with the Magistrate Judge's recommendation that this ground should be dismissed with prejudice. *See* Fed. R. Civ. P. 72(b)(3).

## III. CONCLUSION

In light of the above, it is **ORDERED** that (1) the R&R and Supplemental R&R are **ADOPTED** in full (Docs. 22, 28); (2) the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED with prejudice** (Doc. 1); (3) Petitioner's Motion to Expedite is **DENIED AS MOOT** (Doc. 35); (4) Petitioner is denied a certificate of appealability, because reasonable jurists would not disagree with the Court's conclusion; (5) Petitioner shall not be granted leave to appeal in forma pauperis, as any appeal would be objectively frivolous; and (6) this matter is **CLOSED** and **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

_s/ Michael R. Barrett_____
HON. MICHAEL R BARRETT
UNITED STATES DISTRICT JUDGE

9